UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE GODMAN and LUCY GODMAN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Case No. 1:24-cv-00132-AKB <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant United States Postal Service's Motion to Dismiss (Dkt. 20). For the reasons below, the Court grants the motion.

## I.    BACKGROUND

Plaintiffs are proceeding pro se and allege the following: In July 2022, Plaintiffs left their home to work and vacation in California (Dkt. 1 at 6). The mail delivered to their mailbox was not picked up for a number of days, and the United States Postal Service (USPS) marked the Godman's residence as "Moved, Left No Address" or MLNA (*id.* at 6; Dkt. 1-2 at 1). Upon return from California, Plaintiffs discovered their mail had not been delivered, and Steve Godman made several trips to the post office to address the situation (*id.* at 6-8). He was informed there was no hold on the mail or issue with delivery (*id.*).

Plaintiffs allege they encountered several significant issues caused by the absence of mail service (*id.*). They were unable to acquire new license plates for their vehicles, obtain proof of insurance for their vehicles, pay utility bills, and make payments on mortgages and credit cards

(*id.*; Dkt. 1-2 at 4). Lucy Godman lost social security benefits (*id.*; Dkt. 1-2 at 5). Plaintiffs' credit scores dropped (*id.* at 6-8; Dkt 1-2 at 9-11, 34-42). Plaintiffs' credit limits were reduced (*id.*; Dkt. 1-2 at 9-10, 34-35). They struggled to obtain loans and insurance (*id.*; Dkt. 1-2 at 36-50), and then they received worse loans with higher interest rates (*id.* at 7-8).

After approximately one year without mail, Mr. Godman returned to the post office and scheduled a meeting with the manager, John Lopez (*id.* at 7-8). Although unclear, it appears that USPS resumed Plaintiffs' mail service after this meeting (*id.*). Lopez sent several letters to remedy the aforementioned issues (*id.* at 7-8, Ex. B at 1-2). These letters were ultimately unsuccessful (*id.* at 7-8). Lopez advised the Plaintiffs to seek legal recourse (*id.* at 8). On March 6, 2024, Plaintiffs filed suit against USPS (Dkt. 1).

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's subject-matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion can present either a facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts the allegations contained in a complaint are insufficient on their face to invoke jurisdiction. *Id*. When resolving a facial attack, the court assumes the plaintiff's allegations are true. *Id*. In a factual attack, the challenger disputes the truthfulness of the alleged facts. *Id*. With a factual attack, a court may consider matters outside of the record. *Id*. Regardless of the kind of Rule 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof. *Kokkonen*, 511 U.S. at 377.

MEMORANDUM DECISION AND ORDER - 2

While federal courts are instructed to grant leave to amend where doing so is in the interests of justice, the district court is not obligated to do so where such amendment would be futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). That said, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.    ANALYSIS

USPS moves to dismiss Plaintiffs' complaint for four reasons (Dkt. 20-1). Specifically, it argues Plaintiffs' complaint should be dismissed because (1) the underlying statute does not provide a private cause of action (*id.* at 3-4); (2) construing the complaint to operate under the Federal Tort Claims Act (FTCA), the United States is the only proper defendant (*id.* at 4); (3) Plaintiffs failed to exhaust administrative remedies (*id.* at 6-7); and (4) the USPS is protected by sovereign immunity (*id.* at 4-6). These arguments are addressed in this order.

### A.    Private Cause of Action

Plaintiffs purport to bring this action under "US Code S-1701" (Dkt. 1 at 3). USPS suggests, and Plaintiffs do not dispute, that this is a reference to 18 U.S.C. § 1701 (Dkt. 20 at 3). This statute provides that "whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months, or both." 18 U.S.C. § 1701. As USPS notes, however, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229 (9th Cir. 2008).

The case law is clear that 18 U.S.C. § 1701 does not provide an explicit or implied private cause of action. *Baker v. Schriro*, No. CIV 07-353-PHX-SMM, 2007 WL 3046764, at *5 (D. Ariz. Oct. 17, 2007); *Contemp. Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 103 n.7 (2d Cir. 1981); *Sciolino v. Marine Midland Bank-W.*, 463 F. Supp. 128, 130-31 (W.D.N.Y. 1979). "Violation of a penal statute does not alone support an allegation of federal question civil jurisdiction." *Baker*, 2007 WL 3046764 at *5.  Plaintiffs were given an opportunity to clarify the authority under which they bring suit (Dkt. 22). Plaintiffs did not do so (*id.*). Therefore, on the record before it, the only conclusion the Court can draw is that Plaintiffs did intend to bring suit under 18 U.S.C. § 1701. As a result, their claims fail and the Court grants USPS's Motion to Dismiss on this basis.

Notably, if this were the only basis for dismissal, the Court would do so with leave to amend in light of the lenient standards applied to pro se plaintiffs. As discussed below, however, Plaintiffs cannot remedy their other collective failures.

**B.      Federal Tort Claims Act Construction**

Plaintiffs' seek damages due to USPS's negligence (Dkt. 1 at 4). Generally, a plaintiff may seek such relief under the FTCA. *See Brock v. United States*, 64 F.3d 1421 (9th Cir. 1995). USPS argues that even if Plaintiffs had a private right of action, here, under the FTCA the complaint must be dismissed (Dkt. 20 at 4-7). USPS argues that Plaintiffs cannot recover for the nondelivery of mail, have named the wrong defendant, and have not exhausted their administrative remedies (*id.*).

**1.      Plaintiffs Cannot Recover for the Nondelivery of Mail**

USPS argues that this Court lacks jurisdiction because the claims against USPS are barred by the United States' sovereign immunity (*id.*). "[T]he Postal Service enjoys federal sovereign

**MEMORANDUM DECISION AND ORDER - 4**

immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). This sovereign

immunity protects federal entities from lawsuit. *Id*. Generally, the FTCA waives this sovereign

immunity for tortious conduct. *Id*. But the FTCA explicitly preserves sovereign immunity for

claims that involve the negligent miscarriage or nondelivery of mail. *Id.* at 489. As explained in

*Dolan* regarding the scope of the USPS' retained immunity:

> We think it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address. Illustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (*e.g.*, medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china). Such harms, after all, are the sort primarily identified with the Postal Service's function of transporting mail throughout the United States.

*Id*.

Plaintiffs allege that they suffered monetary damages in excess of $100,000 from the

negligent nondelivery of mail over the course of a year, starting in July or August of 2022 (Dkt. 1

at 6). The Court agrees that sovereign immunity bars Plaintiffs' claims against USPS, assuming

those claims are valid. Normally, the Court would grant leave to amend to correct this issue, but

in light of the analysis below finds doing so would be futile.

### 2.    USPS as a Defendant

USPS argues that Plaintiffs' claims are barred because the FTCA only waives sovereign

immunity when the United States is named as a defendant (Dkt. 20 at 4). Indeed, "[t]he United

States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093,

1095 (9th Cir. 1995). In other words, even if sovereign immunity were not itself a bar to Plaintiffs'

claim regarding the miscarriage of mail, the only potentially correct defendant would be the United

States. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against the United States Postal Service in its own name is not a claim against the United States." *Id*. In order to correct this deficiency, Plaintiffs would need to substitute the United States as a Defendant. But in the light of the foregoing analysis, doing so would be futile because the United States is immune from claims stemming from the negligent transmission of mail.

      **3.      Administrative Remedies**

USPS argues that the claims should be dismissed because Plaintiffs failed to allege that they exhausted administrative remedies (Dkt. 20 at 6-7). Plaintiffs appear to concede that they have not submitted the proper form to the USPS (Dkt. 22 at 1). "[B]efore an individual can file an action against the United States in district court, he must seek an administrative resolution of [his] claim." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quoting *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). This exhaustion of administrative remedies is a "clear statutory command." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "[A] claim shall be deemed to have been presented when a Federal agency receives . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ." 28 C.F.R. § 14.2.

Plaintiffs have not executed and delivered a Standard Form 95 (Dkt. 22 at 1) and, from the record, do not understand why they would need to do so. That said, the Court also recognizes that Plaintiffs did submit their complaints in writing to USPS, and there is no indication of where those complaints were delivered thereafter. Consequently, it is unclear if those complaints constitute "other written notification" of Plaintiffs' issues now before the Court. It is Plaintiffs burden to demonstrate jurisdiction, however, and they have not done so. Accordingly, Plaintiffs have not

**MEMORANDUM DECISION AND ORDER - 6**

met the "clear statutory command" required. And even if allowed to amend their claim to note that proper tort claim notice was provided, Plaintiffs would be unable to escape the conclusion that their claims are barred by sovereign immunity.

The Court cannot construe the Plaintiffs' complaint such that it survives USPS's motion to dismiss, as drafted or with leave to amend. There are no additional facts that will result in a broader waiver of immunity than already exists. Accordingly, Plaintiffs' Complaint is dismissed with prejudice.

## IV.    ORDER

**IT IS ORDERED that:**

1.    United States Postal Service's Motion to Dismiss (Dkt. 20) is **GRANTED**. The Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

DATED: July 22, 2025

Amanda K. Brailsford
U.S. District Court Judge